IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROSLYN DEVAUX-SPITZLEY,<br><br>    Plaintiff<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§  No. 1:19-cv-157<br>§<br>§<br>§<br>§<br>§ |

## **PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

Plaintiff has requested production of certain documents or information from Defendant. Defendant anticipates producing certain confidential documents or information in response to the request. As evidenced by the signatures of their respective counsel below, Roslyn Devaux-Spitzley ("Plaintiff"), and The Prudential Insurance Company of America ("Prudential"), collectively "the Parties" herein, hereby stipulate to the terms of this Stipulated Protective Order And Confidentiality Agreement (the "Order") to provide for the protection of documents and information which contains confidential and/or proprietary information of that Party and/or any of her/its agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons").

The Parties stipulate to this Order in order to provide for the discovery of certain alleged Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Information solely in conjunction with Plaintiff's lawsuit arising out of a dispute regarding a claim for long-term disability insurance benefits from the JPMorgan Chase Health Care and Insurance Program for Active Employees (the "Plan") under Group Contract No. G-

50684-DE between JPMorgan Chase Bank, N.A., and Prudential. Therefore, it is hereby stipulated and ordered as follows:

1. "Confidential Information" shall mean and include trade secrets, confidential, proprietary, non-public, private, commercial and/or financial information of the Protected Persons, including any portion of deposition testimony by any witness (no matter by whom the witness is called), or other information the disclosure of which may cause competitive harm to the producing Party. With respect to documents that Prudential contends contain Confidential Information, such documents must be specifically labeled and designated as "Confidential" by the party producing them at the time such documents are produced in order to be treated as "Confidential Information." In particular, each document containing Confidential Information must either be plainly stamped with the term "Confidential." In the event of inadvertent production of Confidential Information without such a designation, the producing party may designate such documents or testimony as "Confidential" in a writing sent within ten (10) days of production in order to be protected under the terms of this Agreement. Documents may be designated as Confidential more than ten (10) days after production only if the producing party can demonstrate that the document was produced inadvertently despite the exercise of due care and diligence on the part of the producing party and its attorneys.

2. Deposition testimony about documents or other information already designated as Confidential Information shall itself be deemed Confidential Information. Other portions of deposition testimony shall be deemed Confidential only if designated as such. Such designation shall be specific as to the portions to be designated Confidential. Depositions, in whole or in part, shall be designated on the record as Confidential at the time of the deposition. Deposition testimony so designated shall remain Confidential until fourteen days after delivery of the

transcript by the court reporter. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated Confidential. Thereafter, those portions so designated shall be protected as Confidential pending objection under the terms of this Order.

3. Confidential Information properly designated shall be used solely in connection with Plaintiff's claims in the captioned litigation, and shall not be used or disclosed for any other purpose unless authorized by the designating party, or by order of the Court. Confidential Information shall be treated as confidential by the receiving Party, and her/its attorneys and other representatives, and will not be disclosed to anyone except as provided herein. Confidential Information produced may be disclosed only to the receiving Party, her/its attorneys, and supporting personnel employed by such attorneys.

4. If a document containing Confidential Information is filed with the Court in the captioned litigation, it will be filed under seal, but otherwise may be disclosed only to the receiving Party, to deponents, and their attorneys and supporting personnel employed by such attorneys. If the Court does not allow the Confidential Information to be filed under seal, the Party seeking to file the document will redact it of Confidential Information, if possible.

5. All copies of Confidential Information authorized to be reproduced under this Agreement will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

58294893v.1

6. Any non-designating party may challenge any other party's designation of Confidential Information. The designating party shall have the burden of proving to the Court that said information is confidential.

7. Within thirty (30) days of the termination of this litigation, including any appeals, all originals and reproductions of any documents designated as Confidential Information under the Agreement by the Protected Persons shall be returned to the attorneys for the designating party, or destroyed in a manner designed to preserve confidentiality. If a Party elects to destroy any such documents or materials that are designated as Confidential Information, the Party shall send a written acknowledgment to the producing Party to notify the producing Party of the destruction.

8. In the event a Party inadvertently produces a document protected by the attorney client privilege or work product doctrine, such production shall not itself constitute a waiver of any applicable privilege. Instead, upon written request, the receiving Party shall return to the producing Party any inadvertently produced document with respect to which the producing Party asserts a claim of privilege. The Party will then provide a privilege log for any documents withheld pursuant to a claim of privilege.

9. Nothing herein is intended to substitute for, reduce, or otherwise alter Plaintiff's rights to privacy under HIPPA and/or state or federal law, as to her private health information. Additionally, notwithstanding any other provisions contained in this Stipulated Protective Order, the following materials cannot and will not be designated as Confidential under hereunder: (a) the administrative record of Plaintiff's claims for benefits at issue in the litigation; and (b) any documents produced in the litigation prior to the execution hereof.

58294893v.1

10. This Agreement shall serve as a stipulation and agreement between the Parties, and shall be effective immediately as to each respective Party upon signature by counsel for such Party.

IT IS SO ORDERED:

_Timothy S. Black, USDJ_
Dated: 9/27/19

Prepared, presented, and stipulated to by:

By: /s/ Joseph Creitz

Joseph Creitz
Lisa Serebin
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Fax: (415) 513-4475
Email: joe@creitzserebin.com,
lisa@creizserebin.com

Joseph P. McDonald
McDonald & McDonald Co LPA
200A East Spring Valley Road
Dayton, OH 45458
937-428-9800
Fax: 937-428-9811
Email: joseph@mcdonaldandmcdonald.com

*Counsel for Plaintiff Roslyn Devaux-Spitzley*

By: /s/ Shelley R. Hebert

Shelley R. Hebert
shebert@seyfarth.com
Amanda A. Sonneborn
asonneborn@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Jason A. James
Linda Marie Lawson
Meserve Mumper & Hughes LLP
1000 Wilshire Boulevard, Suite 1860
Los Angeles, CA 90017-2457
(213) 620-0300
Fax: (213) 625-1930
Email: jjames@mmhllp.com,
llawson@mmhllp.com

*Counsel for The Prudential Insurance Company of America*

Dated September 17, 2019